POLEN, Judge.
In case number 96-0242, Geraldine Accet-turo appeals a trial court order denying her motion to vacate an order entered by a predecessor judge, transferring venue in the civil suit against American Fidelity Life Insurance Company (American) to Escambia County, Florida. American appeals a later order granting Accetturo’s motion to vacate an order of dismissal in case number 96-2103.
The order transferring venue from Broward County to Escambia was entered by the predecessor judge in August 1996 upon appellee’s (successful) motion. Appellant moved for rehearing (unsuccessful). Appellant then sought to appeal the transfer of venue, but because the motion for rehearing was not an authorized motion directed to a nonfinal order, the appeal was dismissed as being untimely filed (unsuccessful). Not yet daunted, the appellant then moved the successor judge to vacate the order of transfer (unsuccessful). This attempted fifth bite of the apple should not be permitted. Further, appellant’s argument on the merits is unpersuasive. We affirm the order denying the motion to vacate the transfer order.
On American’s appeal, the order of dismissal was entered due to appellant’s failure to pay the clerk’s fee for transferring the case from Broward County to Escambia County. Appellant was successful in having this order vacated, based on her claim that under section 47.191, Florida Statutes (1993), the party moving for the change of venue must pay the transfer fee.
American argues on appeal that Florida Rule of Civil Procedure 1.060(c) is in conflict with section 47.191, and being a procedural rule, takes precedence over the statute. We need not reach this question, as we hold rule 1.060(c) does not apply in this case. Subsections (a) and (b) of rule 1.060 deal only with an action filed in the wrong venue. Subsection (e) then describes the responsibility for paying the filing fee when “an action is transferred under this rule ...” (emphasis supplied). Here, the order changing venue was based on forum non conveniens, not because venue in Broward County was improper. Accordingly, the earlier order dismissing the complaint for Accetturo’s failure to pay the filing fee was in error. The trial court properly vacated the order of dismissal, because it was American’s obligation as the movant to pay the transfer fee under section 47.191. We affirm in case no. 96-2103.
GLICKSTEIN and WARNER, JJ., concur.